**David Perea ROMERO and Ronald Eugene Tickle, Appellants,**

v.

**UNITED STATES of America, Appellee.**

**Nos. 21686, 21686–A.**

United States Court of Appeals Ninth Circuit.

Feb. 12, 1969.

Thomas R. Sheridan (argued), of Simon, Sheridan, Murphy, Thornton & Medvene, Los Angeles, Cal., for appellants.

Jo Ann Dunne (argued), Asst. U. S. Atty., Wm. Matthew Byrne, Jr., U. S. Atty., Los Angeles, Cal., for appellee.

Before CHAMBERS and ELY, Circuit Judges, and FOLEY, District Judge*.

ROGER D. FOLEY, District Judge:

▇▇▇ Appellant Romero was found guilty after a court trial on a two-count indictment charging violation of 21

U.S.C. § 174. Romero's counsel specifies as error the following:

"1. Romero's arrest without a warrant was illegal as it lacked the prerequisite probable cause. * * *

"2. Romero's statements after his arrest are not admissible into evidence and should have been suppressed as said statements were obtained in violation of Romero's constitutional rights under the Fourth, Fifth and Sixth Amendments to the United States Constitution, and said statements were not voluntary and said statements were obtained during a period of 'unnecessary delay' under Rule 5(a) Federal Rules of Criminal Procedure. * *

"3. There is insufficient evidence to support a conviction of Romero on count one of the indictment. * * *

"4. The search warrant is invalid and any evidence obtained pursuant to it should be suppressed as it does not set forth probable cause and it contains constitutionally inadmissible statements of Romero. * * *

"5. Romero's statements at Tickle's home were obtained in violation of his constitutional rights under the Fourth, Fifth and Sixth Amendments to the United States Constitution, and they are not voluntary statements, and they were obtained during a period of unnecessary delay pursuant to Rule 5(a) Federal Rules of Criminal Procedure. * * *

"6. There is insufficient evidence to support a conviction of Romero on count two of the indictment. * * "

Appellant Tickle, who was named along with Romero in count two of the same indictment, was found guilty after a separate trial to the court. Tickle's counsel alleges that the trial court committed three errors:

"1. There is insufficient evidence to convict Tickle on count two of the indictment. * * *

"2. The search warrant for his home fails to set forth probable cause

---

* Honorable Roger D. Foley, District of Nevada, sitting by designation.

and any evidence taken from his home should be suppressed. * * *

"3. The confession obtained from Tickle was obtained in violation of his constitutional rights under the Fourth, Fifth and Sixth Amendments to the United States Constitution. * * "

The answer to each of the asserted errors turns entirely upon the facts as they appear from the record. There are no unsettled questions of law to be resolved on this appeal. For us, it is simply a matter of determining whether the district court properly applied well-settled principles of law to the facts of this case.

We have carefully read the entire record of the proceedings below and studied the briefs of counsel filed with this court, and we are satisfied that all of the assignments of error are without merit. Throughout all of the proceedings before him, the district judge ruled correctly in all of the instances raised on this appeal and, in addition, fully protected the rights of the appellants and accorded them a fair trial. Not one of appellants' nine specifications of error is worthy of discussion.

Affirmed.